SCOTT & WILLIAMS, Inc., v. WHISNANT et al.

No. 184.

District Court, W. D. North Carolina.

Sept. 19, 1941.

Ward, Jones & Ward, of Asheville, N. C., and Howson & Howson, of New York City, for plaintiff.

Joseph L. Murphy, Jr., of Hickory, N. C., and Paul & Paul, of Philadelphia, Pa., for defendant.

WEBB, District Judge.

In this cause the Court finds the following facts:

1. The application for the patent in suit, No. 1,615,807, as filed under date of July 12, 1923, did not disclose Jose Bosch's alleged invention, nor the manner or process of making and constructing it, in such full, clear, concise and exact terms as to enable any person skilled in the art to make and use the same, nor did it explain the principle thereof correctly, or the best mode of applying that principle, but on the contrary mistakenly showed a machine which would have been inoperative unless changed or modified so as to work on a different principle. The true construction and principle of operation of the machine was not disclosed to the Patent Office until later, when a new specification and amended drawings were filed, but this amended specification and drawing was not accompanied by any oath by the inventor that he invented the same, and has never been sworn to by Jose Bosch as his invention, as required by the U. S. Patent Statutes.

2. Prior to July 23, 1923, and prior to any invention of a striping attachment by Jose Bosch, one Frank W. Robinson had invented, constructed and put into commercial operation at the Schuylkill Hosiery Mills at or near Reading, Pennsylvania, a hosiery machine with a wrap striping attachment which contained, embodied and successfully utilized every element specified in Claim 5 of the patent in suit, all of which cooperated and were successfully used to accomplish the same result as that involved in the operation of the Bosch machine.

3. In this machine as constructed and used by Frank W. Robinson as aforesaid, a bobbin stand, with yarn guides mounted on it, was provided with means adapted to shift the position of its axis from an inoperative position to an operative position where, merely by further rotation of the machine, the yarn guides wrapped their yarns around the striping needles.

4. Under the evidence in this case the alleged invention of Jose Bosch, patented in the patent in suit, has never gone into practical use. Only one other machine like it was ever manufactured, and that was experimental, and no machines like or substantially like it have ever been put into commercial use.

5. The machine referred to in the record of this suit as the "Banner" machine, and manufactured and sold by the Hemphill Company, is not an embodiment of Bosch's alleged invention, does not infringe the claims of his patent, and is not manufactured and does not purport to be manufactured under the Bosch patent. Such Banner machines, although containing a name plate bearing the numbers or dates of a large number of U. S. patents, does not carry the number or date of the Bosch patent; and this, notwithstanding the fact that since March 21, 1934, the Hemphill Company has possessed a license under that patent.

6. The patent in suit is merely a paper patent which has never actually benefited the art in any way, and has never been made available by its owner as a useful contribution to the knitting art.

7. The striping attachments for knitting machines which have been manufactured and used at defendants' mill at Hickory, North Carolina, and which are embodied in a machine identified in this case as Plaintiff's Exhibit No. 3, do not have yarn guides the circle of which overlaps the needle circle.

8. The striping attachments for knitting machines which have been manufactured and used at defendants' mill at Hickory, North Carolina, and which are embodied in a machine identified in this case as Plaintiff's Exhibit No. 3, do not have yarn guides which are capable of wrapping, or which ever do wrap, yarns around any of the needles.

9. The plaintiff and the Hemphill Company, of Pawtucket, Rhode Island, who are the largest manufacturers of wrap striped hosiery in the United States, have under date of March 21, 1934, entered into a writ-

**334**

ten contract whereby each has licensed the other under its patents for striping attachments.

### Conclusions of Law.

■ 1. U. S. Letters Patent No. 1,615-807, issued January 25, 1927, to plaintiff, are invalid and of no effect in law for lack of the required statutory oath of inventorship or any other evidence to support the inventor's claim for a patent.

■ 2. Claim 5 of U.S. Letters Patent No. 1,615,807, is invalid in law by reason of anticipation by a machine manufactured and used in this country by Frank W. Robinson prior to the date of the invention attempted to be patented in plaintiff's patent.

■ 3. Defendants have not infringed upon the claims of the patent in suit.

4. Plaintiff is not entitled to any injunction against the defendants, nor to any accounting for profits or damages.

### Memorandum Opinion.

The issue involved in this case seems to be a rather highly technical one.

I am neither a patent specialist nor a skilled machinist or mechanic. I have examined the machines which were in the court room during the hearing of the case, and have watched them operate and knit. I can only apply a common sense view to the issue involved, and in doing this I cannot but conclude that the Coleman and Hunt patent presents a new or novel principle in the striping of socks. I am of the opinion that Coleman and Hunt thought out for the first time and developed the idea that the yarn guide, if held stationary or nearly so outside the needle cylinder, could feed the yarn, and that the rotation of the needle cylinder, carrying with it the striping needle, compels the striping needle to turn around once for each rotation, and therefore to wrap itself with the yarn.

I cannot but agree with the defendants' counsel that "this was a new scheme of operation which had never been practiced before"; and therefore I am forced to the conclusion that it does not infringe the plaintiff's patent.

I agree that the Hemphill machine does not purport to be made under the Bosch patent, nor does it in fact infringe it.

The Coleman and Hunt patent makes the yarn guide external and the needle circle and its axis horizontal. The yarn guides, nevertheless, first feed their yarn to the striping needles, and do not wrap them around the needle, but do so position them that the needle cylinder can do the wrapping.

I adopt the following statement in the defendants' brief, to wit: "Consequently, the defendants' case, stated in its simplest forms, is that Claim 4 is not an infringement, because in defendants' machine the circle of the yarn guides does not overlap the needle cylinder; and Claim 5 (in addition to being anticipated by Robinson) is not infringed, because the yarn guides do not wrap yarns around the needles".

For the above reasons I am holding that the defendants have not infringed upon the Bosch or the Hemphill patent; and therefore the plaintiff is not entitled to an injunction and is not entitled to recover anything by its suit.